1
2
3
4
5
6
7
8                           **UNITED STATES DISTRICT COURT**
9                           **CENTRAL DISTRICT OF CALIFORNIA**
10

11   SHANT OVIKIAN,                        Case No. ED CV 26-158-WLH(E)
12          Petitioner,
13      v.                                 **ORDER FOR ENTRY OF JUDGMENT**
14   KRISTI NOEM, ET AL.,
15          Respondents.
16

On January 14, 2026, Petitioner, then a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("the Petition"). On January 23, 2026, by a temporary restraining order, the Court ordered Petitioner's release and enjoined Petitioner's "further detention, which also includes significant restriction on his liberty such as electronic monitoring, unless and until he is provided proper due process necessary for the revocation of an Order of Supervision."

Following Petitioner's subsequent release from ICE detention, the Court entered a preliminary injunction on February 6, 2026. The preliminary injunction extended through the pendency of this case the same relief granted by the January 23, 2026 temporary restraining order.

After the February 6, 2026 deadline for Respondents to file an Answer to the Petition expired without any Answer having been filed, the Magistrate Judge ordered that, by February 18, 2026, the parties show good cause, if there be any, why the Court should not enter a final judgment: (1) granting the relief previously granted on an interim basis in the Orders filed January 23, 2026 and February 6, 2026; and (2) otherwise dismissing the Petition without prejudice. See Minute Order, filed February 11, 2026. At the same time, the Magistrate Judge warned the parties that failure timely to respond to the February 11, 2026 Order "may be deemed consent to the entry of such a final judgment." See id.

Nevertheless, Respondents failed timely to file any response to the February 11, 2026 Order. Petitioner filed a response stating that "Petitioner sees no good cause" why judgment should not be entered. See "Petitioner's Response to Order to Show Cause," filed February 17, 2026.

Accordingly, and for the reasons stated in the Orders filed January 23, 2026 and February 6, 2026, it is ordered that judgment be entered: (1) enjoining Petitioner's further detention, which also includes significant restriction on his liberties such as electronic monitoring, unless and until he is provided the proper due process necessary

for the revocation of an Order of Supervision; and (2) otherwise dismissing the Petition without prejudice.

Dated: February 20, 2026

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

3